## MARK FAY *vs.* GEORGE F. HAYDEN.

It is no ground for reversing a judgment, rendered on the default of the defendant, after he has appeared and then withdrawn his appearance, that the date of the writ is a year earlier than the fact.

WRIT OF ERROR to reverse a judgment of the court of common pleas on a writ of review sued out by Hayden against Fay. Hearing before *Bigelow*, J., who made the following report thereof :

The writ of review bore date of the 1st of February 1853, and was entered in the court of common pleas at March term 1854,

and the error assigned was that it should have been entered at March term 1853 of that court. Upon inspecting the record, it appeared that the writ of review was served on Fay on the 25th of February 1854, and that at March term 1854 he appeared by his attorneys, who at the same term, and very soon after the entry of their appearance, withdrew, and Fay was defaulted for not filing an affidavit of defence within the time limited by law, and judgment afterwards rendered against him upon his default.

" Upon these facts, if the court shall be of opinion that the error assigned is a proper foundation for a writ of error, and that it will well lie, notwithstanding the authority given to the court to allow amendments after final judgment, they are to enter such judgment in favor of the plaintiff in error as law and justice may require ; otherwise, the plaintiff in error is to become nonsuit."

*M. G. Cobb,* for the plaintiff in error, cited Rev. Sts. *c.* 81, § 4 ; *Bell* v. *Austin,* 13 Pick. 90 ; *Livermore* v. *Boswell,* 4 Mass. 437 ; *Parkman* v. *Crosby,* 16 Pick. 297.

*C. R. Train,* for the defendant in error, cited Rev. Sts. *c.* 100, § 23 ; *McIniffe* v. *Wheelock,* 1 Gray, 600.

BY THE COURT. The defendant's general appearance was a waiver of the error. The error was also capable of being amended. *Judgment affirmed.*